UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK L. BUTLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 06 C 3366 |
| | ) | |
| VILLAGE OF ROUND LAKE POLICE DEPARTMENT, | ) ) ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendant Village of Round Lake Police Department ("Round Lake") for summary judgment. For the following reasons, summary judgment is granted.

## BACKGROUND

Plaintiff Patrick Butler ("Butler") seeks relief under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a) and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626. The following recitation is derived from undisputed or otherwise admitted portions of Round Lake's 56.1 statement of material facts and Butler's 56.1 statement of additional facts.

In 1997, Butler began working full time as a police officer for Round Lake. He was a cooperative employee who never caused problems or required disciplinary action. In January 2002, Round Lake promoted Butler to the rank of sergeant. As sergeant, Butler's responsibilities included field patrol activities, responding to calls, and enforcing traffic laws[1]. By 2004, Butler had achieved status of second in seniority amongst sergeants. Lieutenant Michael Kemmerer assigned shifts to the employees, including Butler; Butler worked nights for six of the seven years he served.

In Fall 2003, Butler started experiencing symptoms associated with chronic obstructive pulmonary disease ("COPD"). COPD is a medical condition that can interfere with a person's everyday tasks such as dressing, bathing, talking, and sleeping. Butler's condition affected him when he traveled up stairs and jogged short distances. By May 2004, the pain in his chest increased to such a level that it caused advanced breathing difficulties; he became easily fatigued and found it painful to sit in a car. Dr. Min Lin treated Butler for COPD and recommended that he work day shifts to

---

[1]Field Patrol Activities include "taking direct action against crime and traffic problems; reviewing reports, arrest situations, actions and conduct, and on-scene inspections of personnel to ensure they are taking proper actions and following laws and written directives; insuring that prisoners are booked and charged as quickly as possible; requiring prompt, accurate and complete reporting from personnel; assuring that personnel working irregular hours have properly reported off duty when their assignments end during the shift." Foy Dep. Ex. 1.

eliminate potential health hazards; on June 1, 2004, Dr. Lin released him to return to work with restrictions that specified no running or fighting.

After experiencing COPD symptoms and the subsequent limitations it caused him while working nights, Butler requested to work day or afternoon shifts or to be reassigned to a different branch within the department. He repeatedly notified Lieutenant Pete Molidor of his physical necessity to work day shifts; Butler was even willing to be demoted from rank as sergeant to fulfill his requests. Molidor recommended that Butler work in the schools as a School Resource Officer ("SRO"), help out with investigations, or participate in Drug Abuse Resistence Education ("DARE") jobs.

On June 15, 2004, Butler wrote Molidor, Kemmerer, and Chief Charles Foy a memo that explained the state of his health and reiterated his request to be assigned day shifts. Foy took Butler's requests to Mayor William Gentes and the Village's attorney; Gentes denied Butler's request and recommended termination. Consequently, Foy denied Butler's request and ordered him to compete a Fitness for Duty application requiring a physical examination by Dr. Peter Allegretti and an eye examination. Allegretti examined Butler on July 9 and concluded that Butler's COPD imposed significant limitations on him with respect to breathing and walking; there was nothing remarkable about his vision screen.

On August 10, Round Lake's attorney wrote Butler a letter denying his request for light duty and declared that he would only be considered for reinstatement after receiving full clearance that he could perform "all the normal duties expected of a police officer." (Pl. Statement of Additional Facts, ¶ 25.) The letter went on to say that "the only alternative you have is to make application for a disability pension." (Id.) Round Lake held a regular meeting on August 2 authorizing the Police Department to hire a replacement for Sergeant Butler. Butler, however, was under the impression that he would return to work once Allegretti cleared him to do so. On August 25, he wrote Foy a letter that reiterated past suggestions for alternative work; the positions Butler suggested were vacant. On September 13, Allegretti provided Butler with a release to return to work with the instruction that he work the day shift. Foy interpreted the report as not being a full release and, therefore, refused to employ Butler. Here again, Foy encouraged Butler to apply for pension benefits.

Butler filed an application for pension benefits on September 16, 2004. On February 7, 2005, Butler attended a Pension Board hearing to testify on behalf of his application for full disability pension. At the hearing, Patrick Quilty represented Butler's legal interests. In support of his application for disability benefits, Butler presented evidence of full disability and restrictions through medical reports prepared by Dr. Scott Field, Dr. William Benge, and Allegretti. Allegretti's report states that

Butler was permanently disabled from police service, but may perform duties on a restricted basis[2]. Butler testified that he worked as a patrol sergeant and that Dr. Lin restricted him to light duty with no patrol work.

Butler filed this three-count complaint on June 20, 2006 alleging discrimination under the ADA and ADEA. At the completion of discovery, Round Lake moved for summary judgment in its favor. Butler opposes the instant motion.

**LEGAL STANDARD**

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56©. The moving party must identify the specific portions of the total record, which it believes establishes the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Celotex*, 477 U.S. at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the

---

[2]Allegretti permitted Butler to engage in a "sit down" job with no rotating shifts, no strenuous activity, no constant walking greater than four blocks, no wrestling, no fighting, no running, and no carrying more than 20 pounds. (See Def. Statement of Undisputed Facts, ¶ 10).

allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole in a light most favorable to the non-moving party and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000). With these principles in mind, we turn to Round Lake's motion.

## DISCUSSION

Butler complains that Round Lake constructively discharged him rather than provide reasonable accommodation of his disability in violation of the ADA. The ADA prohibits employment discrimination against a qualified individual with a disability because of that individual's disability. 42 U.S.C. § 12112(a). An employer discriminates by "not making reasonable accommodations to the known physical or

- 6 -

mental limits of an otherwise qualified individual with a disability who is an applicant or employee" unless the employer "can demonstrate that the accommodation would impose an undue hardship on the operation of the business." 42 U.S.C. § 12112(b)(5)(A).

Round Lake does not contest Butler's disability. Rather, it asserts summary judgment is appropriate because Butler's prior testimony concerning total disability before the Pension Board judicially estops him from maintaining an action under the ADA absent a sufficient explanation for that contradiction. Furthermore, it challenges Butler's case for the following reasons: (1) Butler's inability to perform the essential functions of a sergeant; (2) it had no obligation to alter or vary the duties and requirements of the position; and (3) there is no evidence of discriminatory intent. With respect to Butler's ADEA count, Round Lake contends that there is no genuine issue of a material fact that it engaged in age discrimination. We examine each argument in turn.

**I. ADA Claim**

Round Lake asserts Butler is estopped from bringing his ADA claim by virtue of his testimony before the Pension Board. On February 7, 2005, Butler testified that his disability restricted him from performing the duties of a police officer, which included patrol duties and apprehending subjects. A plaintiff who previously testifies

that he is disabled for the purposes of obtaining disability benefits can be judicially estopped from bringing a subsequent ADA claim unless he provides a sufficient explanation for the contradiction. *Johnson v. Exxonmobile Corp.*, 426 F.3d 887, 891 (7th Cir. 2005). The doctrine of judicial estoppel is an equitable concept that prohibits a party who prevails on one ground in a lawsuit from turning around and rejecting that same ground in another lawsuit. *Ogden Martin Sys., Inc. v. Whiting Corp.*, 179 F.3d 523, 526 (7th Cir. 1999). The purpose of the doctrine is to reduce fraud in the legal process by "forcing a modicum of consistency on the repeating litigant." *Ladd v. ITT Corp.*, 148 F.3d 753, 756 (7th Cir. 1998). There are certain prerequisites to the application of judicial estoppel: (1) the later position must be inconsistent with the first position; (2) factual similarities exist in both suits; and (3) the party who will potentially suffer estoppel must have convinced the first court to adopt its position. *Ogden Martin*, 179 F.3d at 527.

A plaintiff may claim total disability in an action to recover disability benefits under the Social Security Administration (SSA) and then declare qualification under the ADA provided that the plaintiff shows an apparent inconsistency between how the ADA and the SSA define "disability." *Feldman v. American Mem'l Life Ins. Co.*, 196 F.3d 783, 790 (7th Cir. 1999). When a court is faced with an ADA plaintiff who previously testified to full disability for disability benefits and now claims to be able to "perform

the essential functions" of the job, then it should require the plaintiff submit an explanation for that inconsistency. *See Cleveland*, 526 U.S. 795, 807, 119 S. Ct. 1597, 1604 (1999). A plaintiff cannot avoid summary judgment merely by asserting that he is a qualified individual for ADA purposes after he offered inconsistent testimony at a prior court proceeding to obtain disability benefits. *Feldman*, 196 F.3d at 791.

Butler contends that his ADA claim is similar to the plaintiff's case in *Cleveland*, and asserts that we should deny summary judgment because the pension hearing failed to account for reasonable accommodation. To prevail in her social security disability insurance ("SSDI") claim, the plaintiff in *Cleveland* testified that she suffered "total disability." *Cleveland*, 526 U.S. at 807. In her ADA action, she contended that she could "perform the essential functions of her job." *Id.* She established a sufficient explanation for the inconsistent statements between her SSDI benefits claim and the ADA claim by arguing that the first statements "were made in a forum which does not consider the effect that reasonable accommodations would have on the ability to work." *Id.* The statements, she claimed, were accurate when made because she temporarily recovered from her disability. Vacating the judgment of the Court of Appeals, the Supreme Court determined that a plaintiff should have the opportunity to explain the contradictions. *Id.* Unlike *Cleveland*, where the plaintiff made consistent factual statements in both her application for SSDI benefits and ADA claim, Butler offers

inconsistent factual statements. He claims to have filed for disability benefits because Round Lake refused to honor his requests for accommodation and, thus, was his only alternative. *Cleveland* does not stand for the proposition that a party should be permitted to explain why he gave a false statement in an earlier application for SSDI benefits. *Johnson*, 426 F.3d at 892.

Round Lake seeks summary judgment via judicial estoppel on the basis that Butler's prior testimony precludes him from bringing the present ADA claim. At the hearing before the Pension Board, Butler testified that he could no longer perform the duties expected of him as a police officer. As a sergeant, he was responsible for regular patrol duties identical to the duties of patrol officers. The duties expected of a sergeant included going out on patrol, chasing after someone on foot, and wrestling unruly subjects to the ground. Butler acknowledged that these tasks were expected of Round Lake police officers and swore that his disability restricted him from performing them.

Butler asserts that estoppel is unwarranted because the Pension Board proceedings never addressed the accommodation issue. In the earlier court proceeding for pension benefits, he swore that he was totally disabled and could no longer perform his responsibilities as a Round Lake sergeant. A plaintiff's sworn assertion in support of his application for disability benefits that he is, for example, "unable to work" will appear to negate an essential element of the ADA claim. *Cleveland*, 526 U.S. at 805.

Here, Butler's ADA claim is factually inconsistent with his claim for disability benefits because he now purports that he can perform the duties expected of a Round Lake sergeant with reasonable accommodation. A person who applies and receives disability benefits must live with the factual assertions made to obtain them. *Opsteen v. Keller Structures, Inc.*, 408 F.3d 390, 392 (7th Cir. 2005). When an employee or his physician represents that he is completely disabled from work, employers and fact finders are entitled to believe such representation and it bears on whether an ADA plaintiff is a "qualified individual with a disability." *See Weigel v. Target Stores*, 122 F.3d 461, 467-68 (7th Cir. 1997). Accordingly, the prerequisites set forth in *Ogden Martin* have been satisfied: Butler's ADA position is that he can perform the duties of a Round Lake sergeant in contravention of his earlier testimony claiming total disability; factual similarities exist in that both suits concern the same disability; and Butler convinced the Pension Board to extend disability benefits.

Butler and his physicians represented that he was disabled for purposes of obtaining pension benefits and now Butler claims that he can perform the essential functions of his job with reasonable accommodation. We find that Butler has failed to offer any sufficient explanation for the contradictions between his disability benefits testimony and ADA statements. As such, we grant Round Lake's motion for summary

judgment on the ADA claim. In light of the applicability of judicial estoppel, it is unnecessary to address any of Round Lake's ancillary arguments.

## II. ADEA Claim

Round Lake moves for summary judgment of the ADEA claim on the predicate that Butler was not qualified to function as a police officer. A plaintiff must establish a *prima facie* case of age discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824 (1973). To substantiate a *prima facie* case of age discrimination under the indirect method, a plaintiff must prove the following: (1) that he is over 40 years old; (2) he met the employer's legitimate job expectations; (3) he suffered an adverse employment action; and (4) he was treated less favorably than similarly situated employees who did not engage in protected activity. *Griffin v. Potter*, 356 F.3d 824, 828 (7th Cir. 2004). At a minimum, a plaintiff must demonstrate a triable issue on each element to defeat an employer's motion for summary judgment. *Id.*

The first factor is undisputed; Butler was 50 years old at the time of the alleged discrimination. Round Lake contests whether he met its legitimate job expectations. It claims that Butler's disability prevented him from performing the essential functions of his job as a police officer. Butler testified before the Pension Board that he could no longer perform the duties expected of him as a police officer. Whether Butler was qualified to perform the essential duties of his job is not disputed. He admitted that he

was not. Since Butler failed to present a triable factual issue with regard to whether he met Round Lake's legitimate job expectation of a police officer, he has not established a *prima facie* case of age discrimination.

Even if Butler did establish a *prima facie* case of age discrimination, he must still show that Round Lake's reasons for refusing to return him to work were a pretext. *McDonnell*, 411 U.S. at 804. Pretext may be established directly by showing that the employer "was more likely than not motivated by a discriminatory reason," or indirectly by presenting evidence that the "employer's explanation is not credible." *Logan v. Caterpillar, Inc.*, 246 F.3d 912, 920 (7th Cir. 2000). At this stage in the litigation, Butler has failed to provide direct or indirect evidence of pretext. We grant summary judgment on the ADEA claim because Butler has not come forth with any triable issues of fact with regard to a *prima facie* case of age discrimination or pretext.

## CONCLUSION

Based on the foregoing, we grant Round Lake's motion for summary judgment in its entirety.

Charles P. Kocoras
United States District Judge

Dated:   October 8, 2008